UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

HEIDRICK & STRUGGLES
INTERNATIONAL, INC.,

             Plaintiff,

   -against-

KORN/FERRY INTERNATIONAL, CHAD
ASTMANN, DEEPALI VYAS, DANIEL
KAPLAN, and LORRAINE HACK,

             Defendants.
------------------------------------------------------x

Case No. __18 CV 1503__

**NOTICE OF REMOVAL**

      PLEASE TAKE NOTICE that Defendants Korn/Ferry International, Chad Astmann, Deepali Vyas, Daniel Kaplan, and Lorraine Hack (collectively "Defendants"), by and through their undersigned counsel, hereby remove the above-captioned civil action from the Supreme Court of the State of New York, County of New York to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. As grounds for removal, Defendants allege as follows:

### I.    PROCEDURAL BACKGROUND

    1.    On February 15, 2018, Plaintiff Heidrick & Struggles International, Inc. ("Plaintiff" or "H&S") filed a Complaint against Defendants in the Supreme Court of the State of New York, County of New York, captioned *Heidrick & Struggles International, Inc., v. Korn Ferry/International, Chad Astmann, Deepali Vyas, Daniel Kaplan, and Lorraine Hack*, Index No. 650750/2018 (the "State Court Action").

2. On February 16, 2018, counsel for Defendants was furnished with a copy of the Summons and Complaint. Attached hereto as **Exhibit A** are true and correct copies of the Summons and Complaint received by Defendants' counsel.

3. As of this date, no further pleadings have been filed or served in the State Court Action and no further proceedings have been conducted in the State Court Action.

4. This Notice of Removal is being filed within thirty (30) days of receipt of the Summons and Complaint. Thus, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

## II. GROUNDS FOR REMOVAL

5. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the . . . defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

6. This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"—that is, whenever an action presents a "federal question."

7. A claim arises under federal law where "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)) (other citations omitted).

8. In this case, three of the fourteen causes of action alleged in Plaintiff's Complaint arise under federal law and therefore present a federal question under 28 U.S.C. § 1331.

9. Plaintiff's fifth cause of action alleges that Defendants Korn/Ferry, Astmann, Vyas, and Kaplan misappropriated "H&S Confidential Information" and seeks injunctive relief, and compensatory, statutory, and exemplary damages under 18 U.S.C. §§ 1836 *et seq.*

10. Plaintiff's tenth cause of action alleges that Defendants Vyas and Kaplan exceeded authorized access to H&S computers and forwarded H&S Confidential Information relating to H&S clients to their personal email accounts, in violation of the Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030 *et seq.* Plaintiff seeks compensatory damages pursuant to 18 U.S.C. § 1030(g).

11. Plaintiff's eleventh cause of action alleges that Defendants Vyas and Kaplan intentionally exceeded their authorized access to H&S computers and intentionally sent H&S Confidential Information to their personal email accounts, in violation of the Stored Wire and Electronic Communication and Transactional Records Access Act, 18 U.S.C. § 2701 *et seq.*

12. Federal question jurisdiction therefore exists over these three claims under 28 U.S.C. § 1331 because their resolution will require adjudication of disputed issues of federal law.

13. Additionally, pursuant to 28 U.S.C § 1367(a), this Court has supplemental jurisdiction over Plaintiff's other non-federal claims because those claims arise out of the same operative facts as Plaintiff's claims under federal law and "form part of the same case or controversy under Article III of the United States Constitution."

14. Removal of this entire action is therefore appropriate under 28 U.S.C. § 1441.

## III. CONCLUSION

15. Defendants reserve the right to amend or supplement this Notice of Removal as may be appropriate.

16. Defendants submit this Notice of Removal without waiving service of the Complaint, without waiting any defenses to the claims asserted by Plaintiff, and without conceding that Plaintiff has pleaded claims upon which relief may be granted.

17. Pursuant to the provisions of 28 U.S.C. § 1446, promptly after Defendants' filing of this Notice of Removal with the United States District Court for the Southern District of New York, Defendants will also file a Notice of Filing of Notice of Removal with the clerk of Supreme Court of the State of New York, County of New York. A copy of the Notice of Filing of Notice of Removal is attached hereto as **Exhibit B**.

18. Written notice of the filing of this Notice of Removal will be given to Plaintiff.

19. Should Plaintiff file a motion to remand this case, Defendants respectfully request an opportunity to respond more fully in writing.

WHEREFORE, Defendants respectfully request the removal of the State Court Action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.

Dated: February 20, 2018

                              GIBSON, DUNN & CRUTCHER LLP

                              By: /s/ Gabrielle Levin
                                  Gabrielle Levin
                                  200 Park Avenue, 48th Floor
                                  New York, NY 10166-0193
                                  Telephone: 212.351.4000
                                  Facsimile: 212.351.4035
                                  GLevin@gibsondunn.com

Douglas Fuchs
(*Pro Hac Vice Application Forthcoming*)
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7605
Facsimile: 213.229.6605
DFuchs@gibsondunn.com

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I, Gabrielle Levin, hereby certify that on the 20th day of February, 2018, I have caused service of the Notice of Removal to be served by electronic mail and first class mail upon counsel for Plaintiff at the following addresses:

>Steven Copper, Esq.
>REED SMITH LLP
>599 Lexington Avenue
>New York, NY 10022-7650
>
>Peter M. Ellis, Esq.
>REED SMITH LLP
>10 South Wacker Drive, 40th Floor
>Chicago, IL 60606
>
>Melissa Rubenstein, Esq.
>REED SMITH LLP
>136 Main Street, Suite 250
>Princeton Forrestal Village
>Princeton, NJ 08540

                                                  /s/ Gabrielle Levin
                                                      Gabrielle Levin